IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DARRELL CHRISTOPHER YOUNG, )
)
Plaintiff, )   Case No. 1:13-0117
)   Chief Judge Haynes
v. )
)
COUNTRYWIDE HOME LOANS )
AND BANK OF AMERICA HOME )
LOANS, )
)
Defendants. )

**MEMORANDUM**

Plaintiff, Darrell Christopher Young, filed this pro se action against the Defendants Countrywide Home Loans and Bank of America Home Loans.[1] Plaintiff alleges that the Defendant Countrywide engaged in predatory lending practices, oppressive conduct, and falsified information on Plaintiff's loan application. Plaintiff alleges that Bank of America Home Loans engaged in fraudulent conduct in failing to approve Plaintiff's application for a loan modification under the Home Affordable Modification Program ("HAMP").

Before the Court is the Defendant Bank of America's motion to dismiss (Docket Entry No. 12) contending that Plaintiff's state law claims against Countrywide are time barred and Plaintiff's claim against Bank of America fails because HAMP does not recognize a private right of action.

---

[1] It is undisputed that Countrywide Home Loans Servicing, LP merged into BAC Home Loans Servicing, L.P that later merged into Bank of America, N.A. Bank of America N.A. filed the motion to dismiss.

1

## A. Analysis of the Complaint

According to his complaint, on January 30, 2008, Plaintiff executed a note in favor of Countrywide Bank, that was secured by a deed of trust on 1301 Hamlet Street, Mount Pleasant, Tennessee, Plaintiff's residence. The note and deed of trust were duly recorded in the Maury County Register of Deeds on January 31, 2008. (Docket Entry No. 13, Exhibit B thereto).[2] Plaintiff defaulted and the foreclosure sale occurred on September 12, 2013. According to Plaintiff, Countrywide misrepresented information on Plaintiff's loan application and forged a tax return to qualify Plaintiff for a federal mortgage.

After the default on the mortgage, Plaintiff sought a loan modification from Bank of America that allegedly defrauded Plaintiff of his loan modification. The attachment to Plaintiff's complaint reflects that Bank of America was unable to approve Plaintiff's loan modification application because of Plaintiff's pending bankruptcy. (Docket Entry No. 1, Attachment thereto).

## B. Conclusions of Law

The pleading standard on the motion to dismiss requires only factual allegations that "raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 550 U.S. ___ (2007). Fed. R. Civ. P. 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief". Under Fed. R. Civ. P. 8(e), "Pleadings must be construed so as to do justice.". On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l Collegiate

---

[2] On a 12(b)(6) motion to dismiss, the Court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice."

2

Athletic Ass;n, 528 F.3d 426, 430 (6th Cir.2008). For fraud claims Fed. R. Civ. P 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." United States ex rel., Poteet v. Medronic, Inc., 552 F.3d 503, 518 (6th Cir. 2009), Williams v. Suntrust Mortg., Inc., 2013 WL 1209623 at *4 (E.D. Tenn. Mar. 25, 2013).

Plaintiff's complaint does not allege the legal bases for his claims, but Plaintiff does not dispute that Tennessee law applies to his claims against Countrywide. Thus, Plaintiff's complaint must allege facts of: (1) an intentional misrepresentation of a material fact; (2) knowledge of the representation's falsity; (3) an injury caused by reasonable reliance on the representation; and (4) that the representation involved a past or existing act or in the case of promissory fraud, "a promise of future action without the present intention to carry out the promise." Dobbs v. Guenther, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). If the complaint fails to state with particularity the intentional misrepresentation of a material fact, such as the identity the actors and the substance of each allegation, the claim fails. Strategic Capital Res. Inc. v. Dylan Tire Indus., LLC, 102 S.W.3d 603, 611 (Tenn. Ct. App. 2002). This claim is governed by Tennessee's three-year statute of limitations. Tenn. Code Ann. § 28-3-105; Fortune v. Unum Life Ins. Co. of America, 360 S.W.3d 390, 401 (Tenn. Ct. App. 1985).

Here, Plaintiff's only specific claim is Countrywide is alleged for false loan origination document concerning Plaintiff's income. Plaintiff signed his note on January 30, 2008 at his closing and should have been aware of the alleged fraud on that date. This action should have been initiated by January 30, 2011, but was not filed until September 21, 2013, more than five (5) years after the closing on Plaintiff's residence. Accordingly, the Court concludes that Plaintiff's claims against Countrywide for alleged fraud is time-barred.

As to Bank of America, Plaintiff claims is that he has "been mislead and lied to about getting a modification and really they have no reason not to qualify me for a HAMP modification." (Docket Entry No. 1, Complaint, at ¶ 4). Under the Home Affordable Modification Program (HAMP) Bank of America entered into a Servicer Participation Agreements ("SPA") with the federal government for mortgage services. "[T]he majority of federal courts who have reviewed actions involving HAMP has uniformly concluded that HAMP does not contain a private right of action or confer third party beneficiary status on borrowers with respect to servicing agreements under HAMP." Johnson v. Flagstar Bank, FSB, 2012 WL 6569346, at *2 (E.D. Tenn. Dec. 17, 2012). Accord Starkey v. First Magnus Financial Corp., 2012 WL 4061204, at *6 (M.D. Tenn. Sept. 14, 2012) (collecting cases).

Thus, as a matter of law, Plaintiff lacks a cognizable claim under HAMP against Bank of America. As stated earlier, the documents attached to Plaintiff's complaint reflect that as a factual matter, Plaintiff's bankruptcy proceeding precluded Bank of America from deciding his loan modification request on his terms.

For these reasons, the Court concludes that the Defendants' motion to dismiss should be granted for Plaintiff's failure to state a claim upon which any relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of March, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court